UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHRYN A. WILDER,

        Plaintiff,

     v.                                 Civil No. 07-6104-HA

                                      OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Kathryn Wilder seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying her application for disability insurance benefits

(DIB) and Supplemental Security Income (SSI) payments.  This court has jurisdiction to review

the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is reversed and remanded for further proceedings.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe, for each of the major body systems, impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings.

*Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairments are not presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC). A person's RFC is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); Social Security Ruling (SSR) 96-8p.

The Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, at the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

meets this burden, the claimant must be deemed not disabled for purposes of determining

benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance;

it is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).  The Commissioner's

denial of benefits is upheld even if the evidence is susceptible to more than one rational

interpretation, as long as one of the interpretations supports the decision of the ALJ.  *Thomas v.

Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing

court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in

instances in which the evidence would support either outcome.  *Benton v. Barnhart*, 331 F.3d

1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

**BACKGROUND**

The relevant background, which is drawn from the extensive administrative record and

the ALJ's decision, is summarized here.  Plaintiff was fifty-one years old at the time of the

administrative law judge's (ALJ) decision.  She did not graduate from high school, but has a

general equivalency degree (GED).  She has past relevant work experience as a janitor, school

bus driver, food server, education assistant, customer service worker, and housecleaner.

Plaintiff applied for DIB and SSI benefits on February 3, 2003. Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ; that hearing was held on June 17, 2004. On April 12, 2005, the ALJ found that plaintiff was not disabled. The decision became the Commissioner's final decision upon the Appeal Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a Complaint seeking this court's judicial review.

Additional facts will be discussed as required by the parties' legal arguments.

**SUMMARY OF ALJ'S FINDINGS**

At step one, the administrative law judge (ALJ) found that plaintiff had not engaged in SGA since her alleged disability onset date of September 1, 2001. Tr. 28[1].

At step two, the ALJ found that plaintiff had severe impairments of fibromyalgia, sleep apnea, and bilateral carpal tunnel syndrome. *Id*.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 34.

At step four, the ALJ found that plaintiff "possibly can perform her past relevant work." Tr. 33. The ALJ so found after determining that plaintiff had the RFC to lift twenty pounds occasionally and ten pounds frequently; perform sedentary work; and cannot perform repetitive hand work. Tr. 32.

At step five, applying the Medical-Vocational Guidelines as a framework, and based on testimony from the vocational expert (VE), the ALJ found that plaintiff was able to perform jobs

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

that exist in significant numbers in the national economy, including gate guard, usher, and outsider courier.  Tr. 34.

**DISCUSSION**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence.  In response, the Commissioner concedes that the case should be remanded because "further consideration of Plaintiff's impairments, including her alleged mental impairments and obesity; the opinion evidence of Danijela Marjanovic, M.D.; and Plaintiff's credibility in light of new lay witness testimony is necessary."  Def.'s Mem. in Supp. of Remand at 2.

Because both parties agree to a remand, this court need only determine whether to remand for further proceedings or for an award of benefits.  The decision whether to remand for further proceedings turns upon the likely utility of such proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  Defendant concedes, and the court agrees, that the ALJ must take the following actions on remand:

(1)    Hold a new hearing;
(2)    Re-evaluate plaintiff's mental impairments using the technique set out in 20 C.F.R. §§ 404.1520a and 416.920a;
(3)    Re-evaluate the opinion of Dr. Marjanovic;
(4)    Consider and discuss plaintiff's obesity;
(5)    Consider and discuss all relevant evidence, including lay witness statements from plaintiff's mother, daughter, and sister-in-law;
(6)    Re-evaluate plaintiff's credibility; and
(7)    Re-evaluate steps two through five of the sequential evaluation process.

A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The rule recognizes "the importance of expediting disability claims."  *Id.* (citation omitted).  In this matter, this court concludes that outstanding

issues remain that must be resolved before a determination of disability can be made.  On remand, the ALJ should further develop the record.

 Following the ALJ's decision, plaintiff submitted additional lay witness statements from plaintiff's mother, daughter, and sister-in-law.  "While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law." *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).  Accordingly, the additional lay witness testimony cannot at this point justify a remand for benefits.

Upon remand, the ALJ must address each of the seven issues acknowledged by defendant above.

For purposes of providing some guidance regarding the evaluation of Dr. Marjanovic's opinion, the court notes the following:  Dr. Marjanovic opined that plaintiff would be absent from work more than three times a month.  The ALJ gave "very little weight" to the opinion of Dr. Marjanovic, because "claimant's medical examinations have not disclosed anything that would support these limitations." Tr. 30.  No further explanation was given and the ALJ did not support this observation with evidence in the record.

The Ninth Circuit has established that the opinion of a treating physician, even if it is controverted by another doctor, can only be rejected for "specific, legitimate reasons based on substantial evidence in the record." *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Because the ALJ did not provide "specific, legitimate reasons" for rejecting Dr. Marjanovic's

7- OPINION AND ORDER

opinion, this court cannot determine whether there is substantial evidence in the record for discounting Dr. Marjanovic's opinion.

**CONCLUSION**

Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings.  For the reasons provided, this court concludes that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and the parameters provided herein.

IT IS SO ORDERED.

DATED this  24   day of September, 2008.


_____/s/ Ancer L. Haggerty____
Ancer L. Haggerty
United States District Court

8- OPINION AND ORDER